# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

| | |
|---|---|
| THOMAS A. PERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:20-cv-00212-TWP-DML |
| | ) |
| COLLETT ENTERPRISES, INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

## ENTRY DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Collett Enterprises, Incorporated ("Collett") (Filing No. 32). This action was initiated by Plaintiff Thomas A. Person ("Person") against Collett (and other defendants who have since been dismissed by stipulation, *see* Filing No. 42) for infringement of patents concerning cigar spills. (Filing No. 38.)[1] In support of its Motion, Collett contends the Amended Complaint "does no more than lay out what appears to be a completely appropriate sale of cigar spills by a patentee [ ] through a proper licensee [ ] to a customer [ ]." (Filing No. 45 at 4.) But because this argument "injects factual allegations that are not present" in the Amended Complaint (*see* Filing No. 48 at 2), the Motion to Dismiss must be denied.

## I.    BACKGROUND

The following facts are not necessarily objectively true, but, as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and

---

[1] As noted by a prior marginal entry in this case, "[t]he progression of filings in this case has caused unnecessary dispute and confusion." (Filing No. 50 at 1.) In short, Person timely filed an Amended Complaint twenty-one days after Collett filed its Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b).").  Ultimately, however, while the Motion to Dismiss "technically could have been denied as moot," it was not, and the Court will assess it "in light of" the Amended Complaint (Filing No. 50 at 1). As necessary, the Court will discuss in more detail these convoluted filings as they become pertinent.

draws all inferences in favor of Person as the non-moving party.  *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Relevant to this Entry, on August 13, 2013, U.S. Patent 8,507,070 ("Patent '070") was issued naming Person as the inventor of a "Cedar spill" for cigars, which are thin pieces of wood used by cigar smokers to light their cigars.  ([Filing No. 38 at 4](#).)[2]  Person remains the owner of this patent, which is up to date on all maintenance fees.  *Id.*  On or about August 13, 2013, Person learned that Cigar Reserve LLC ("Cigar Reserve")[3] (a former defendant in this case) was selling, among other things, cigar spills that Person believed infringed Patent '070.  *Id.* at 5. Following negotiations, Person and Cigar Reserve agreed that the Cigar Reserve could license Patent '070 through 2014.  *Id.* at 5–6.  The two renegotiated the license agreement several times, but the arrangement eventually terminated at 12:01 a.m. on January 1, 2017.  *Id.* at 6.

On July 10, 2020, Person purchased a 50-count box of Cigar Reserve cigar spills from Collett (doing business as Smoker Friendly Discount Tobacco) in Seymour, Indiana.  *Id.*  The box appeared to contain cigar spills subject to the lapsed license agreement between Person and Cigar Reserve.  *Id.* at 7.

On October 15, 2020 Person initiated this action against Cigar Reserve, Collett, Brian Kurland and Chanda Kurland.  ([Filing No. 1](#).)  A stipulation of dismissal concerning Cigar Reserve, Brian Kurland and Chanda Kurland was filed on March 2, 2021.  ([Filing No. 40](#).)  The operative Amended Complaint against Collett for patent infringement was filed on March 1, 2021.

---

[2] Person also holds a separate patent for a cigar spill—U.S. Patent D664,292 ("Patent '292")—that was subject to a separate claim of patent infringement only involving now-dismissed defendants (*see* [Filing No. 38 at 5](#), 9; [Filing No. 42](#)).

[3] "Cigar Reserve," for purposes of this Entry, also includes prior defendants Brian Kurland and Chanda Kurland, who own and control the business (*see* [Filing No. 38 at 3](#)).

(Filing No. 38.)  Collett seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)

(Filing No. 32).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint

that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When

deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations

in the complaint and draws all inferences in favor of the plaintiff.  *Bielanski*, 550 F.3d at 633.

Courts, however, "are not obliged to accept as true legal conclusions or unsupported conclusions

of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In *Bell Atlantic Corp. v. Twombly*, the United

States Supreme Court explained that the complaint must allege facts that are "enough to raise a

right to relief above the speculative level."  550 U.S. 544, 555 (2007).  Although "detailed factual

allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the

elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581

F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of

a claim without factual support").  The allegations must "give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  Stated differently,

the complaint must include "enough facts to state a claim to relief that is plausible on its face."

*Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted).

To be facially plausible, the complaint must allow "the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Twombly*, 550 U.S. at 556).

### III.   <u>DISCUSSION</u>

The Amended Complaint alleges two counts:  Count One:  Infringement of the Patent '070, and Count Two:  Infringement of the Patent '292.  As noted previously, the defendants concerning the claims in Count Two were dismissed pursuant to stipulation of the parties.  ([Filing No. 40](#), [Filing No. 42](#).)  The remaining claim before the Court, Count One, alleges that without authority Collett has and continues to "directly infringe, contributorily infringe and/or actively induce infringement of one or more claims of" Patent '070 by selling the cigar spills. ([Filing No. 38 at 8](#).)

In response to Collett's contention that the initial Complaint was "almost completely devoid of factual allegations against Collett", ([Filing No. 33 at 4](#)), Person filed the Amended Complaint which alleges that on July 10, 2020, he purchased infringing cigar spills from Collett (*see* [Filing No. 38 at 6](#)).  In reply, Collett argues that Person amended his complaint, but did not "correct it." ([Filing No. 45 at 1](#)).  Instead, the Amended Complaint "alleges that Person licensed [Cigar Reserve] to sell patented cigar spills and that [Cigar Reserve], as a licensee, sold those spills to Collett." *Id.* at 3.  Collett argues "such a sale" exhausts Person's "patent rights in the product in question." *Id.* (citing *Impression Products, Inc. v. Lexmark International, Inc.*, 137 S. Ct. 1523, 1535 (2017)).  In other words, Collett contends that it "owns the spills in its stores and all of Person's patent rights were exhausted at the date of purchase by Collett." *Id.* at 4.  "At best," Collett continues, the Amended Complaint "makes vague 'abstract recitations' or 'conclusory statements' of law of the exact type prohibited by the plausibility standard applied by *Twombly* and *Iqbal*." *Id.*  Collett concludes by contending that "[t]he story of Collett's possible liability in this case does not 'hold together' as it fails to even come together", and the Amended Complaint "fails to put Collett on notice of the claim being asserted and should be dismissed". *Id.*

In a response to a motion for extension of time that "is essentially a surreply" (*see* Filing No. 50 at 1), Person contends that Collett both "misreads" *Impression Products* and "inserts factual allegations" into the Amended Complaint (Filing No. 48 at 2). Person asserts that the issue presented by the Amended Complaint is "not a question of [Person] trying to invoke rights after patent exhaustion," but is instead about "whether Collett had a right to sell the patented product by virtue of having purchased it from the patentee or an authorized licensee or a party that could rightfully resell the product." *Id.* Though Collett asserts that Cigar Reserve, "as a licensee, sold the infringing cedar spills to Collett", Person notes that this "allegation is absent from" the Amended Complaint.  *Id.*  Instead, the Amended Complaint alleges that Cigar Reserve "supplied product to Collett, and that Collett was listed on Cigar Reserve's website as one of its retailers."  *Id.*

Person points out that he "purchased that product from Collett in July 2020, some three-and-a-half years after the only license covering the product had expired."  *Id.* at 3.  As for *Impression Products*, he argues that "case would only apply if Collett purchased the spills from the patentee . . . or an authorized licensee."  *Id.*  Person argues that if Collett purchased the patented product from Cigar Reserve after the license had expired, then Cigar Reserve had no right at that time to make that sale. *Id.* This would "neither exhaust [Person's] rights under patent law nor insulate Collett's later resale of the same product." *Id.* Person concludes that "[i]f Collett purchased the product that it sold in July 2020 from [Cigar Reserve] prior to the expiration of his license on January 1, 2017, that is a defense to be established in this litigation."  *Id.* at 3–4.[4]

The Court agrees with Person.  Collett's Motion to Dismiss fails because its legal theory is premised on facts that are not contained in the Amended Complaint; namely, that Collett purchased

---

[4] The Court also permitted Person to file a formal surreply advancing "arguments not included in his objection." (Filing No. 50 at 1). Person, however, did not file a surreply by the April 5, 2021 deadline. Accordingly, the Motion to Dismiss, "which the [C]ourt will assess in light of the [A]mended [C]omplaint," has been "fully briefed." *Id.*

the cigar spills from Cigar Reserve while it was a licensee (*compare* Filing No. 38 at 6 (alleging only that "Person purchased a 50-count box of Cigar Reserve Cedar Spills from" Collett), *with* Filing No. 45 at 3 (maintaining that the Amended Complaint "alleges that Person licensed [Cigar Reserve] to sell patented cigar spills and that [Cigar Reserve], as a licensee, sold those spills to Collett")).   Moreover, the chronology of events belies Collett's contentions.   The Amended Complaint alleges that Person purchased the cigar spills *three-and-a-half years after the license lapsed* (*see* Filing No. 38 at 6 (alleging that the license terminated "effective 12:01 a.m. January 1, 2017," while the purchase occurred "[o]n or about July 10, 2020")).   Taking as true the facts as pled by Person—as opposed to as impermissibly augmented by Collett—the allegations nullify any "patent exhaustion" theory (*see* Filing No. 48 at 3 (contending that if Collett purchased the patented product from Cigar Reserve *after* the license expired, "Collett's purchase would neither exhaust [Person's] rights under patent law nor insulate Collett's later resale of the same product"); *Impression Prod.*, 137 S. Ct. at 1535 ("[I]f a patentee has not given authority for a licensee to make a sale, that sale cannot exhaust the patentee's rights.").   Because the Court must accept as true all factual allegations in the Amended Complaint and draw all inferences in favor of Person, *Bielanski*, 550 F.3d at 633, Collett's Motion to Dismiss is **denied**.

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** Collett's Motion to Dismiss (Filing No. 32).   Because the alleged infringement of Patent '292 involved only defendants who have now been dismissed with prejudice, *see* Filing No. 42, the Court **dismisses with prejudice** the Amended Complaint's Count Two.   Person's Count One claim against Collett may proceed in this litigation.

The Court previously acknowledged that "no answer" to the Amended Complaint was required due to the pendency of this Motion to Dismiss (*see* Filing No. 50 at 1).  Now, of course, "the responsive pleading must be served within 14 days after notice of the court's action."  Fed. R. Civ. P. 12(a)(4)(A).

**SO ORDERED.**

Date:  5/19/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gregory L. Taylor
EDDINS DOMINE LAW GROUP, PLLC
gtaylor@louisvillelawyers.com

Joan L. Simunic
LAW OFFICE OF J. L. SIMUNIC, PLLC
jlspatentlaw@att.net

Jason M. Smith
SMITH LAW SERVICES, P.C.
jason.smith@smithlawservices.com